UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

BREANA SCHENK, as next
best friend to Ev M,
Em M, and El M and the ESTATE OF
KELSEY DELYLAH SCHENK-McKEE,
    Plaintiff,

vs.                              No. 1:22-cv-01268-STA-jay
                                  JURY DEMAND

PAUL A. THOMAS, GIBSON COUNTY
SHERIFF; and DANNY LEWIS, Chief Deputy
Gibson County Sheriff's Department and TAMELA DENISE COX,
Chief Jailor/Correction Officer of the
Gibson County Sheriff's Department and
WILLIAM HOLBROOK, Deputy/Correction Officer and
JAILER PRINCE, JAILER LITTRELL, JAILER
HILL, JAILER MORGAN, JAILER STURDIVANT,
JAILER WATSON, JAILER GILLES, JAILER
MEESE, JAILER MCARTY, JAILER YARBROUGH,
JAILER KEEL, JAILER PALMER, JAILER DANCE,
JAILER ABRAHAM, JAILER MCMINN, JAILER BAILEY,
and GIBSON COUNTY, TENNESSEE.
    Defendants.

## COMPLAINT

This is an action for damages sustained by citizens of the United States against PAUL A.

THOMAS, Gibson County Sheriff; Danny Lewis, Chief Deputy, Gibson County Sheriff Department;

WILLIAM HOLBROOK, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox,

Chief Jailor/Correction Officer of the Gibson County Sheriff's Department and Jailer Prince, Jailer

Littrell, Jailer Hill, Jailer Morgan, Jailer Sturdivant, Jailer Watson, Jailer Gilles, Jailer Meese, Jailer

McArty, Jailer Yarbrough, Jailer Keel, Jailer Palmer, Jailer Dance, Jailer Abraham, Jailer McMinn,

Jailer Bailey, Deputy/Correction Officers, Gibson County Sheriff's Department; individually and in

their official capacity; and GIBSON COUNTY, TENNESSEE, for acts and omissions in violating KELSEY DELYLAH SCHENK-McKEE (Decedent) constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

1. This action is brought against Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Eight and Fourteen Amendments to the United States Constitution.

2. Jurisdiction is found upon 28 U.S.C. §1331, §1343(a)(3) and (4), and §1367(a). This Court has jurisdiction over Plaintiff's claims of violation of civil rights under 42 U.S.C. §§ 1983.

3. This Court may award actual, compensatory, and punitive damages including reasonable attorney's fees against Defendants Paul A. Thomas, Gibson County Sheriff; Danny Lewis Chief Deputy, Gibson County Sheriff's Department; William Holbrook Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department and Jailer Prince, Jailer Littrell, Jailer Hill, Jailer Morgan, Jailer Sturdivant, Jailer Watson, Jailer Gilles, Jailer Meese, Jailer McArty, Jailer Yarbrough, Jailer Keel, Jailer Palmer, Jailer Dance, Jailer Abraham, Jailer McMinn, Jailer Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department, pursuant to 42 U.S.C. §1983 and 1988.

4. This Court may award compensatory damages and reasonable attorney's fees against Defendant, Gibson County pursuant to 42 U.S. §1983 and 1988.

5. Plaintiff, Breana Schenk as next best friend to Ev M, Em M and El M are citizens and residents of the United States, domiciled in Carroll County, Tennessee.

6. Plaintiffs are the sister and minor children of Kelsey Delylah Schenk-McKee. Plaintiffs bring this cause of action in their individual capacities as the surviving children of decedent, Kelsey Delylah Schenk-McKee, and as the personal representatives of the estate of Kelsey Delylah Schenk-McKee.

7. The Defendant Gibson County, Tennessee is a governmental subdivision of the State of Tennessee. Its agent for service of process is County Executive, Gibson County, Gibson County Courthouse, Suite 202, Trenton, Tennessee.

8. The Defendants Paul Thomas, Sheriff, Danny Lewis, Chief Deputy, Gibson County Sheriff's Department and William Holbrook, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department and Jailer Prince, Jailer Littrell, Jailer Hill, Jailer Morgan, Jailer Sturdivant, Jailer Watson, Jailer Gilles, Jailer Meese, Jailer McArty, Jailer Yarbrough, Jailer Keel, Jailer Palmer, Jailer Dance, Jailer Abraham, Jailer McMinn, Jailer Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department were at all times material hereto employed as correctional officers of the Gibson County Correctional Complex. All Defendant's listed herein are sued in their individual and official capacities as correctional officers, and as employee/agents of the Gibson County Sheriff's Department. All Defendants may be served at Gibson County Correctional Complex, 401 N. South College St., Trenton, TN.

9. PAUL A. THOMAS is a citizen of Gibson County, Tennessee, and was at all times

herein the Sheriff of Gibson County, Tennessee, and was in charge of the operations of the Gibson County Correctional Complex. He is being sued in his individual and official capacity.

10. Defendants Danny Lewis, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor, Gibson County Sheriff's Department and William Holbrook, Gibson County Sheriff's Department were at all times material hereto employed as guards in the jail of the Gibson County Correctional Complex. Said Defendants are sued in their individual and in their official capacity.

11. Each and every act and/or omission by the Defendants were performed by virtue of and under their authority as Sheriff/correctional officers/deputies of Gibson County, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Tennessee.

## STATEMENT OF THE FACTS

12. On December 4, 2021, Kelsey Delylah Schenk-McKee ("Decedent") was incarcerated in the Gibson County Correctional Complex for misdemeanor charges of Public Intoxication and Criminal Trespass, which ran concurrent with Carroll County misdemeanor charges.

13. Various individual family members and the attorney of record for Ms. Schenk-McKee talked with the Sheriff and/or his Deputies and advised them of Ms. Schenk-McKee medical condition and the need for medical intervention on her behalf. The family members were assured that proper measures would be taken by the Gibson County Sheriff Department for Ms. Schenk-McKee medical condition, pursuant to

the policies of the Gibson County Sheriff Department.

14. Upon information and belief, Ms. Schenk-McKee began to suffer from a number of physical symptoms on December 3, 2021, associated with liver failure, including but not limited to toxic levels of Fentanyl and Methamphetamine. Ms. Schenk-McKee presented to the Gibson County Correctional Complex request for medical treatment prior to and throughout the day of December 3, 2021.

15. On December 4, 2021, Ms. Schenk-McKee condition became severe, and she began to experience increased pain and symptoms associated with toxic levels of Fentanyl and Methamphetamine. Ms. Schenk-McKee complained to the jail guards/correction officers, and was ignored. Upon information and belief, Gibson County Correctional Officers removed Ms. Schenk-McKee to a holding cell to die alone and without aid in response to Decedent's repeated request for medical treatment.

16. All day on December 4, 2020, Ms. Schenk-McKee continued to suffer. Due to the severity of her symptoms, Ms. Schenk-McKee made numerous requests to correctional officers/deputies and the jail personnel for treatment by a physician, all of which were denied. Upon information and belief, Gibson County Correctional Officers/Deputies removed Ms. Schenk-McKee to a holding cell to die alone and without aid in response to Decedent's repeated request for medical treatment.

17. Ms. Schenk-McKee was found dead in her cell on December 4, 2021.

18. The repeated notices of Plaintiff's existing condition on admission to the Correctional Complex, presented an urgent need for medical care. Plaintiff's medical condition after admission to the Gibson County Correctional Complex, presented an

urgent need for medical care. Plaintiff's inability to consume food and drink presented an urgent need for medical treatment. Plaintiff's physical condition, bruised and abrasions brought about from the violent seizures, presented an urgent need for medical treatment. From all of which, Plaintiff suffered extreme mental cruelty, severe pain and anguish and eventually a slow and painful death. The medical examinations and autopsy confirmed these facts.

19. Sheriff Paul Thomas, Danny Lewis, Chief Deputy, Gibson County Sheriff's Department and William Holbrook, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department and Jailer Prince, Jailer Littrell, Jailer Hill, Jailer Morgan, Jailer Sturdivant, Jailer Watson, Jailer Gilles, Jailer Meese, Jailer McArty, Jailer Yarbrough, Jailer Keel, Jailer Palmer, Jailer Dance, Jailer Abraham, Jailer McMinn, Jailer Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department, with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent incommunicado in her cell despite her repeated requests for treatment for her serious medical condition, all leading to her untimely death.

20. The wrongful acts and/or omissions of Danny Lewis, Chief Deputy, Gibson County Sheriff's Department and William Holbrook, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department and Jailer Prince, Jailer Littrell, Jailer Hill, Jailer Morgan, Jailer Sturdivant, Jailer Watson, Jailer Gilles, Jailer Meese, Jailer McArty, Jailer Yarbrough, Jailer Keel, Jailer Palmer, Jailer Dance, Jailer Abraham, Jailer McMinn,

        Jailer Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

21.    Defendant Gibson County's existing policy and procedures, and/or failure to train and/or supervise its correctional officers and prison infirmary staff constitutes deliberate indifference to Decedent's serious medical conditions and safety, and was the cause of violations of Decedent's right to due process of law, and to be free from cruel and unusual treatment pursuant to the Eight and Fourteenth Amendments of the United States Constitution.

22.    The above-described deprivations of Decedent's constitutional rights are a direct and proximate result of the acts, omissions, policies, and customs of Defendant Gibson County. Defendant knew or should have known that its policies, custom, and conduct violated clearly established constitutional rights that would have been apparent to reasonable persons.

23.    Defendants have engaged and continue to engage in a pattern or practice of failing to protect inmates in the Gibson County Jail/Correction Complex from undue risk of harm by (inter alia), failing to provide adequate medical and mental health care, failing to provide adequate food and shelter; failing to provide adequate classification and supervision of inmates.

24.    Defendants have been aware of the unlawful conditions alleged in the foregoing

      paragraphs for a substantial period of time and failed to adequately address these conditions, despite their knowledge of the deficiencies.

25. The above-described wrongful acts and omissions of individual Defendants that results in deprivations of Decedent's constitutional rights are the direct result of Defendant's acts and omissions.

26. As a direct and proximate result of the above-described wrongful acts and/or omissions by each Defendant named herein, Decedent suffered great physical and mental pain, shock, agony, and death, for all of which the Defendant is liable.

27. The acts and omissions alleged in the foregoing paragraphs violate the rights, privileges or immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States of person confined in the Gibson County Jail/Correction Complex.

28. Unless restrained by this Court, Defendants will continue to engage in the conduct and practices set forth in paragraph 22 and 23 that deprives person confined in the Gibson County Jail/Correction Complex of their rights, privileges, or immunities secured or protected by the Eight and Fourteenth Amendments to the Constitution of the United States, and cause them irreparable harm.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Service of process be issued as to the Defendants;

2. Compensatory damages against Defendant Gibson County and other named defendants in the amount to be determined by the jury;

3. Plaintiff prays for judgment against Defendants jointly and severally, for

  compensatory damages in the amount of One Million Dollars ($1,000,000.00) and for punitive damages in the amount of Five Million Dollars ($5,000,000.00), plus cost of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

4. Punitive and compensatory damages against Defendants, Correctional Officers in an amount to be determined by the jury.

5. Reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C.§ 1988.

6. A jury trial pursuant to Rule 38 of the Fed. R. Civ. P.,: and

7. For an Order permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in the foregoing paragraphs, and that this Court require Defendants to take such actions as will ensure lawful conditions of confinement are afforded to inmates at the Gibson County Jail.

8. Such other damages and general relief to which Plaintiff may be entitled.

                Respectfully submitted,

                /s/Robert T. Keeton III
                ROBERT T. KEETON III, BPR# 013296
                Keeton Law Offices
                20240 East Main Street
                P. O. Box 647
                Huntingdon, TN 38344
                731-986-4444
                KeetonLawOffices@KeetonLaw.net