IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BREANA SCHENK, as next best friend to Ev M, Em M and El M and the ESTATE OF KELSEY DELYAH SCHENK-MCKEE,<br><br>    *Plaintiff*,<br>v.<br><br>PAUL A. THOMAS, GIBSON COUNTY SHERIFF; and DANNY LEWIS, Chief Deputy Gibson County Sheriff's Department, and TAMELA DENISE COX, Chief Jailor/Correction officer of the Gibson County Sheriff's Department, and WILLIAM HOLBROOK, Deputy/ Correction Officer, and JAILER PRINCE, JAILER LITTRELL, JAILER HILL, JAILER MORGAN, JAILER STURDIVANT, JAILER WATSON, JAILER GILLES, JAILER MEESE, JAILER MCCARTY, JAILER YARBROUGH, JAILER KEEL JAILER PALMER, JAILER DANCE JAILER ABRAHAM, JAILER MCMINN JAILER BAILEY and GIBSON COUNTY, TENNESSEE,<br><br>    *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:22-cv-01268-STA-jay |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants Gibson County, Tennessee, Sheriff Paul A. Thomas, Danny Lewis, Tamela Cox, William Holbrook, William Morgan, Robin Meese, Beletha Yarbrough, Cordale Dance, Michael McMinn, Eric Bailey, and Brandy Hill file this memorandum of law in support of Defendants' motion to dismiss.

## BACKGROUND

I. PROCEDURAL HISTORY

Plaintiff Breana Schenk filed the above-styled lawsuit concerning the death of her sister, Kelsey Delylah Schenk-McKee (hereinafter, "Decedent"), which occurred on December 4, 2021. (Complaint, ECF No. 6, ¶¶ 6 & 17). Plaintiff's Complaint was marked filed on December 12, 2022. (*See* ECF No. 6).[1]

On January 10, 2023, Defendants filed a motion for extension to respond to Plaintiff's Complaint. (ECF No. 11). The Court granted Defendants' motion, providing until February 24, 2023, to file a responsive pleading. (ECF No. 12).

II. ALLEGATIONS IN COMPLAINT

Decedent passed away while incarcerated at the Gibson County Correctional Complex (hereinafter, the "Jail") on misdemeanor public intoxication and criminal trespass charges. (ECF No. 6, ¶ 12).

Plaintiff alleges that during her incarceration "various individual family members" as well as the "attorney of record for [Decedent]" spoke with the "Sheriff and/or his Deputies" and advised them of an unidentified medical condition suffered by Decedent as well as a supposed need for medical intervention concerning the same. (*Id.*, ¶ 13). Further, Plaintiff contends that these

---

[1] The operative pleading in this case was not filed until December 12, 2022. (ECF No. 6). Defendants have since been able to obtain a copy of the Original Complaint which appears to have been filed on December 2, 2022, but is no longer accessible via ECF. However, the version filed on December 2, 2022, was never served on Defendants. The version of the Complaint that was served was filed on December 12, 2022. It is Defendants' understanding that Plaintiff did indeed initiate this lawsuit on December 2, 2022, but that the Court clerk instructed Plaintiff to re-file her Complaint due to a procedural technicality in the December 2, 2022 version. If Defendants' understanding is in some way incorrect, Plaintiff's claims are time-barred by the applicable statute of limitations, and Defendants expressly assert and reserve that defense herein. Because there is no applicable "statute of limitations governing § 1983 actions, federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005). TENNESSEE CODE ANNOTATED § 28-3-104(a) sets forth a one (1) year statute of limitations period for § 1983 actions in Tennessee. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000).

unidentified officers assured the unnamed family members that "proper measures would be taken" for her purported medical condition. (*Id.*).

Additionally, Plaintiff alleges—"upon information and belief"—that on December 3, 2021, Decedent began to experience "a number of physical symptoms" associated with liver failure, "including but not limited to toxic levels of Fentanyl and Methamphetamine," and that she "presented to the Gibson County Correctional Complex request[s] for medical treatment throughout the day." (*Id.*, ¶ 14).

Plaintiff contends that on December 4, 2021, Decedent's alleged symptoms worsened, and that she complained to the "jail guards/correction officers, and was ignored." (*Id.*, ¶ 15). Ultimately, Plaintiff alleges that unidentified correctional officers ignored Decedent's requests for medical treatment throughout December 3, 2021, and December 4, 2021, and—"[u]pon information and belief"—these anonymous officers moved Decedent to a "holding cell to die alone and without aid in response to Decedent's repeated request for medical treatment." (*Id.*, ¶¶ 15 & 16). Officers later discovered Decedent deceased in her cell on December 4, 2021. (*Id.*, ¶ 17).

Plaintiff's lawsuit asserts § 1983 claims for "deprivation of civil rights secured by the Eight [sic] and Fourteen [sic] Amendments." (*Id.*, ¶ 1).[2] Specifically, Plaintiff appears to allege that Defendants failed to provide Decedent adequate medical treatment. (*Id.*, ¶ 18). Moreover, Plaintiff avers that "Gibson County's existing policy and procedures, and/or failure to train and/or supervise its correctional officers and prison infirmary staff constitutes deliberate indifference to Decedent's serious medical conditions and safety, and was the cause of violations of Decedent's right to due process of law." (*Id.*, ¶ 21).

---

[2] Notably, because Decedent was a pre-trial detainee, the Fourteenth—not the Eighth—Amendment applies. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005) (Pretrial detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment).

For reasons stated herein, Plaintiff's claims against these Defendants[3] should be dismissed.

## STANDARD

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In reviewing a motion to dismiss, a court should not accept as true legal conclusions or unwarranted factual inferences. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Erie Cty. v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE requires that in order to state a claim, a plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While the pleading standard of Rule 8 "does not require detailed factual allegations," it still "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 664. This standard demands that the factual allegations "raise a right to relief above the speculative level" and "nudge[] the[] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Several considerations guide whether a complaint meets the facial-plausibility standard. On one hand, "[a] claim has facial plausibility when the plaintiff pleads factual content

---

[3] While a number of Gibson County Defendants apparently have yet to be served, for the same reasons articulated herein, Plaintiff failed to state a claim against them as well and, thus, any such claims would be futile and are also due to be dismissed.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Further, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. On the other hand, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

I. PLAINTIFF'S COMPLAINT FAILS TO STATE A VIABLE CLAIM AGAINST GIBSON COUNTY, TENNESSEE.

To state a claim against a governmental entity under § 1983, a plaintiff must plead that some policy or custom of the municipality was the moving force behind the alleged constitutional deprivation. *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978). This is true because a municipality cannot be held liable under § 1983 solely on a *respondeat superior* theory. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Here, Plaintiff seeks to hold Gibson County liable for its "polic[ies] and procedures, and/or failure to train and/or supervise it correctional officers…" as well as due to its "policies and customs." (ECF No. 6, ¶¶ 21-23).

A. **Plaintiff failed to state a claim based upon Gibson County's written policies procedures, or customs.**

Plaintiff failed to assert any specific facts to establish that Decedent's alleged constitutional deprivation(s) were directly caused by some Gibson County policy or procedure. In fact, Plaintiff fails to assert *any* facts concerning any *specific* policies or procedures of Gibson County. Instead, Plaintiff only generally asserts that "Gibson County's existing policy and procedures…constitutes deliberate indifference to Decedent's serious medical conditions and safety, and was the cause of violations of Decedent's right[s]…." (ECF No. 6, ¶ 21).

As noted by the Sixth Circuit, "A broad assertion that an unconstitutional policy exists is nothing more than a bare recitation of legal standards." *See e.g.*, *Osberry v. Slusher*, 750 F. App'x

385, 398 (6th Cir. 2018). Likewise, district courts in this circuit "have repeatedly granted Rule 12(b)(6) motions on *Monell* claims where, as here, plaintiffs have made no more than bald assertions that that their rights were violated pursuant to a policy, practice, or custom of a municipality." *Alexander v. Byrd*, 2014 U.S. Dist. LEXIS 151465, at *11-12 (W.D. Tenn. Oct. 24, 2014) (citing *Minick v. Metro. Gov't of Nashville*, 2014 U.S. Dist. LEXIS 106475, 2014 WL 3817116, at *2 (M.D. Tenn. Aug. 4, 2014) ("The court recognizes that presenting municipal liability claims is more difficult after *Twombly* and *Iqbal*, but the prevailing view within this circuit and within this district is that allegations that essentially amount to notice pleading of a municipal liability claim are insufficient."); *Morris v. City of Memphis*, 2012 U.S. Dist. LEXIS 120833, 2012 WL 3727149, at *3 (W.D. Tenn. Aug. 27, 2012) ("Plaintiff's claims regarding Defendant's custom, policy, or practice concerning the misbehavior of the rank and file of its police force amount to legal conclusions unaccompanied by additional factual assertions. Thus, Plaintiff's allegations simply recite the elements of a § 1983 claim."); *Cunningham v. Cleveland Police Dep't*., 2010 U.S. Dist. LEXIS 140335, 2010 WL 5636778, at *6 (N.D. Ohio Dec. 22, 2010), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 6502, 2011 WL 234050 (N.D. Ohio Jan. 24, 2011) ("Although Plaintiff suggests that he will provide convincing proof of the City's unconstitutional policy at trial, that proffer does not negate Plaintiff's duty pursuant to FED. R. CIV. P. 8 to plead facts plausibly showing that the City acted unlawfully at the pleading stage.")).

Here, while Plaintiff makes mention of unidentified, nondescript policies implemented by Gibson County, Plaintiff never asserts specific facts upon which to base her "notice pleading." She does not identify a specific policy that she alleges was unconstitutional. She does not allege what any specific policy actually said. And she does not factually articulate how any policy acted as a

"moving force" for any alleged constitutional deprivation. Without the requisite "factual enhancement" required by *Iqbal* and *Twombly*, Plaintiff's allegations fail to state a *Monell* claim against Gibson County based upon an unconstitutional policy or procedure theory.

> **B. Plaintiff failed to state a claim based upon an unconstitutional custom theory of liability.**

Plaintiff also failed to plead sufficient facts to support a *Monell* theory based upon an unconstitutional custom theory of liability.

A plaintiff may establish *Monell* liability by showing, despite appropriate written policies, the existence of a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law" if that custom actually caused the constitutional violation at issue. *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). The notion of "law" must include "deeply embedded traditional ways of carrying out" policy. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507-08 (6th Cir. 1996)*.* It must reflect a course of action deliberately chosen from among various alternatives. *Id*. (citing *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985)).

To show a custom or policy, a plaintiff must prove "a clear and persistent pattern" of unconstitutional conduct. Thus, in order to show a custom, a plaintiff cannot rely simply on the facts of his own case. Instead, he must reach beyond the facts of his case to show "several" separate incidents of the alleged rights violation. *Thomas v. City of Chattanooga*, 398 F.3d 426, 434 (6th Cir. 2005). Even offering examples of multiple discrete instances is not enough to reasonably draw such a conclusion. *Peet v. City of Detroit*, 502 F.3d 557, 568 (6th Cir. 2007) (concluding that three instances of misconduct is not enough to establish a "custom"); *See also Pineda v. City of Houston,* 291 F.3d 325, 329 (5th Cir. 2002) (determining that evidence of eleven incidents of unconstitutional conduct by police officers was insufficient to establish a "custom").

Per *Iqbal* and *Twombly*, the failure to point to a pattern of a custom or prior unconstitutional conduct subjects a complaint to dismissal. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Accordingly, numerous courts have held that allegations like the ones Plaintiff makes here fall well short of meeting *Iqbal* and *Twombly's* standards. *Brown v. Cuyahoga Cty.*, 517 Fed. App'x 431, 436 (6th Cir. 2013) (holding that the broad assertion that an unconstitutional policy or custom exists "is nothing more than a bare recitation of legal standards" and is insufficient); *Sailor v. City of Cleveland*, 2021 U.S. Dist. LEXIS 187544, at *5 (N.D. Ohio Sep. 30, 2021) (same); *Hutchison v. Metro. Gov't*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (explaining that in order to plead a *Monell* claim under a "custom" theory of liability, a plaintiff must plead more than one instance of claimed constitutional violations."); *Rolen v. City of Cleveland*, 2013 U.S. Dist. LEXIS 195086, at *12-13 (N.D. Ohio Aug. 6, 2013) (holding, "Plaintiffs do not meet their pleading burden under *Iqbal* and *Twombly* regarding allegations of a custom," because the "Complaint contains no facts regarding any other similar incidents of police misconduct that the City may have deliberately ignored.").

Like the complaints in the aforementioned cases, Plaintiff's Complaint fails to in any way describe the custom she alleges Gibson County adopted. Instead, Plaintiff asserts the type of unadorned recitals which run afoul of the bar set by Rule 8 and the *Iqbal/Twombly* standard. (ECF No. 6, ¶¶ 21-24). Specifically, Plaintiff raises such conclusory and nondescript contentions as "[t]he above-described deprivations of Decedent's constitutional rights are a direct and proximate result of…customs of Defendant Gibson," and "Defendants have engaged and continue to engage in a pattern or practice of failing to protect inmates in the Gibson County Jail/Correction Complex from undue risk of harm by […] failing to provide adequate medical and mental health care […]." (*Id.*, ¶¶ 22 & 23). But there is no allegation whatsoever concerning any prior incidents involving

Gibson County, or any employee thereof, violating any constitutional rights. And there are no specific facts even related to Decedent that show any relation to an unconstitutional custom. Without such allegations, Plaintiff's assertions amount to mere conclusions, without factual enhancement, and therefore fail to state a plausible *Monell* claim against Gibson County.

    **C.**    **Plaintiff failed to sufficiently plead that Gibson County's training and/or supervision were constitutionally inadequate and/or acted as the moving force for any alleged constitutional deprivation.**

To the extent Plaintiff attempts a *Monell* claim based upon a failure to train theory, she likewise fails to assert actual facts to support such a claim.

It is only in limited circumstances that "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). In fact, a municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *Id.*; *Oklahoma City* v. *Tuttle*, 471 U.S. 808, 822-823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*."). To state a *Monell* claim based upon a failure to train or supervise theory, a plaintiff must plead: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

In her one allegation pertaining to training and/or supervision, Plaintiff fails to allege even the essential elements of a failure to train and/or supervise theory under *Monell*. (ECF No. 6, ¶ 21). And importantly, numerous courts have found that similar allegations fall short of stating a *Monell* claim based upon an inadequate training and/or supervision theory. *See Griham v. City of*

*Memphis*, 2022 U.S. Dist. LEXIS 59855, at *15 (W.D. Tenn. Mar. 31, 2022) ("Plaintiffs' generalized language is insufficient to support an inadequate training claim under the third *Monell* theory because it does not present 'more than a sheer possibility'"); *Wright v. Louisville Metro Gov't*, 2022 U.S. Dist. LEXIS 9320, at *10 (W.D. Ky. Jan. 19, 2022) ("[T]he Complaint contains no factual allegations indicating what the training policies were, why they were inadequate, how the city was deliberately indifferent, or how the failures related to [the plaintiff's] injuries […] [Thus,] [t]he Complaint's spare and conclusory allegations are therefore insufficient to state a claim."); *Malone v. Shelby Cty.*, 2019 U.S. Dist. LEXIS 134510, at *17-19 (W.D. Tenn. Feb. 21, 2019) ("The court finds that the complaint contains little beyond a formulaic recitation of the elements of a cause of action […]. It only offers the legal conclusion that the City's 'failure to train and supervise their officers has become a custom that has resulted in repeated substantiated excessive abuse claims' […]. The complaint contains no facts that could plausibly lead one to believe that the City deliberately ignored a history of abuse by officers in the Memphis Police Department […]. Nor is there any indication of a 'recurring situation[] presenting an obvious potential for such a violation' beyond plaintiffs' own alleged injuries[…]. Plaintiffs' complaint thus lacks 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' under § 1983.").

      Here, like the plaintiffs in the aforementioned cases, Plaintiff alleges no facts related to Gibson County's training/supervision, and she offers no facts concerning what Gibson County's training policies were, why they were inadequate, how Gibson County was deliberately indifferent, or how any alleged failures in training or supervision related to Decedent's injuries. As noted throughout, federal court pleading standards require more. Plaintiff's "naked assertions" that the defendants failed to properly "supervise" and/or "train," fall well short of "nudg[ing] the[]

claims across the line from conceivable to plausible." Accordingly, such allegations fail to state a claim against Gibson County.

II. PLAINTIFF'S COMPLAINT FAILS TO STATE A VIABLE CLAIM AGAINST THE INDIVIDUAL DEFENDANTS.

    **A.    Plaintiff failed to plead sufficient facts against any individual defendant to state a claim.**

To establish a cause of action under 42 U.S.C. § 1983 against an individually-named Defendant, a plaintiff must plead that (1) he suffered a deprivation of a right secured by the Constitution or laws of the United States (2) caused by the individually-named defendant while he was acting under color of state law. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006). The Sixth Circuit has clarified, "Section 1983 is an individual liability statute and thus [the plaintiff] bears the burden of 'specifically link[ing] the officer's involvement to the constitutional infirmity.'" *Przybysz v. City of Toledo*, 746 Fed. App'x. 480, 483 (6th Cir. 2018). Indeed, "liability in a § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).

It is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants. *Alghusain v. Nemeth*, 2021 U.S. Dist. LEXIS 168540, at *13 (N.D. Ohio Sep. 7, 2021) (citing *Twombly*, 550 U.S. at 555 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim)). Thus, making allegations against defendants by lumping them together fails to state a claim against them. *See e.g.*, *Kurek v. Ohio Dept. of Dev. Disabilities*, 2017 U.S. Dist. LEXIS 65473, at *15-16 (N.D. Ohio Jan. 20, 2017) ("[C]onclusory allegations of collective, unspecified, and undifferentiated

wrongdoing is not sufficient [as] vaguely lump[ing] all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard."); *Grant v. WMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 68880, 2010 WL 2509415, *3 (E.D. Cal. 2010) (complaint that "lumps all defendants together is plainly insufficient under the pleading requirements of Federal Rule of Civil Procedure 8."). In other words, a complaint that fails to allege specific actions against the specific individual defendants fails to meet the notice requirements of Rule 8(a). *Heinz v. HSBC Mortg. Servs., Inc.*, 2021 U.S. Dist. LEXIS 203680, at *6-7 (N.D. Ohio Oct. 22, 2021) (citing *Phillips v. Ballard*, 2019 U.S. Dist. LEXIS 93206, 2019 WL 2359571, at *21 (E.D. Ky. June 4, 2019)).

Here, Plaintiff does not make even one specific factual allegation against any one specific individual Gibson County officer within her Complaint. (*See* ECF No. 6). Rather, Plaintiff avers only broad, conclusory allegations against *all* of the individually-named defendants as a means of hoping something sticks. (*See, e.g.*, ECF No. 6, ¶¶ 19 & 20). The closest Plaintiff comes to a direct factual allegation is averring that anonymous family members of Decedent and "the attorney of record" for Decedent spoke with "the Sheriff and/or his Deputies," which falls entirely short of describing with whom these unknown persons allegedly spoke. (*Id.*, ¶ 13). All other allegations mention only overarching assertions made against unidentified "officers," "deputies," or "jail personnel." (*See, e.g., Id.*, ¶¶ 15 & 16). In other words, Plaintiff's Complaint contains no factual assertions supporting personal involvement of any particular defendant officer. Without such factual assertions, Plaintiff's Complaint fails to state a claim against any individual defendant.

  **B. Plaintiff failed to plead sufficient facts against Sheriff Thomas to state a claim against him.**

The liability of supervisors cannot be based solely on the right to control employees or "simple awareness of employees' misconduct." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.

2003). Courts have repeatedly explained that a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *See, e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir. 1988). In other words, supervisory liability requires that there must be a direct causal link between the acts of individual officers and the supervisory defendants. *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). A plaintiff must allege that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002).

Based upon the above stated principles, an allegation that a defendant failed to train employees cannot give rise to § 1983 liability under an individual capacity theory. *McKinney v. McNairy Cnty.*, 2012 U.S. Dist. LEXIS 146305, at **10-11 (W.D. Tenn. Oct. 11, 2012) (citing *Harvey v. Campbell Cnty., Tenn.,* 453 Fed. App'x. 557, 563 (6th Cir. 2011)). Similarly, a mere conclusory allegation that a supervise "failed to supervise" is insufficient to set forth a claim. *See e.g., Resch v. Lambart*, 2022 U.S. Dist. LEXIS 51274, at *18 (W.D. Mich. Mar. 22, 2022) ("[V]ague and conclusory allegations of supervisory responsibility are insufficient to demonstrate that Defendants […] were personally involved in the events described in Plaintiff's complaint.")

Here, Plaintiff avers only that Sheriff Thomas was "in charge of the operations" of the Jail, and that, as addressed above, unidentified persons supposedly spoke with "the Sheriff and/*or* his Deputies." (ECF No. 6, ¶¶ 9 & 13) (emphasis added). But said allegations are conclusory, without further factual enhancement, and thus, fail to overcome an *Iqbal/Twombly* bar. The simple fact

that Sheriff Thomas was "in charge" cannot give rise to individual liability under § 1983. And with regard to the allegation that someone spoke with him about their concerns, Plaintiff does not even confidently say who these persons allegedly spoke with, utilizing the common safety net of "and/or" to describe who these persons *may have* spoken with. (*Id*.). That is not enough to comply with the pleading standards set forth by Rule 8.

Accordingly, Plaintiff has failed to allege sufficient facts against Sheriff Thomas to survive this motion, and her claims against him should be dismissed.

### C. Plaintiff's official-capacity claims against the individual defendants should be dismissed.

Within her Complaint, Plaintiff expressly asserts her claims against all defendants "in their individual and official capacities." (ECF No. 6, ¶ 8). "When a suit is brought against a police officer in his official capacity, it is actually a suit against the government entity." *Olivier v. City of Clarksville*, 2017 Tenn. App. LEXIS 564, at *14 (Tenn. Ct. App. Aug. 17, 2017) (citing *Crowe v. Bradley Equip. Rentals & Sales, Inc.,* 2010 Tenn. App. LEXIS 237 (Tenn. Ct. App. Mar. 31, 2010)). In other words, where a municipality is a party to a lawsuit, any official capacity claims are "superfluous." *Faith Baptist Church v. Waterford Twp.,* 522 F. App'x 322, 327 (6th Cir. 2013). Thus, official capacity claims should be dismissed against government entity employees as redundant when the plaintiff also sues the government entity. *See e.g.*, *Shepherd v. Floyd County*, 128 F. Supp. 3d 976, 977-78 (E.D Ky. 2015); *Y.S. v. Bd. of Educ. of Mathews Local Sch. Dist.*, 766 F. Supp. 2d 839 (N.D. Ohio 2011). Accordingly, at minimum, Plaintiff's official-capacity claims against the individual defendants are redundant and should be dismissed.

III.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Under the doctrine of qualified immunity, "government officials […] are immune from civil liability unless, in the course of performing their discretionary functions, they violate the plaintiff's clearly established constitutional rights." *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Once qualified immunity is raised, the plaintiff bears the burden to prove that the defendant is not entitled to it. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009). To determine whether qualified immunity is warranted, a court must ask: (1) whether the alleged facts, taken in a light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established in the specific context so that a reasonable official would understand that he is violating that right. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

When a complaint fails to establish a plausible constitutional claim against an individual governmental actor, the complaint is subject to dismissal on qualified immunity grounds. *Crawford v. Tilley*, 15 F.4th 752, 764 (6th Cir. 2021). Indeed, "in *Iqbal* itself…the Supreme Court affirmed the dismissal of the plaintiff's complaint on qualified immunity because it failed to establish a plausible claim." *Id*. at 764-65 (citing *Iqbal*, 556 U.S. at 687). Here, as addressed above, Plaintiff has failed to plead sufficient facts to support a constitutional deprivation claim against *any* individual defendant. Again, Plaintiff does not make even one specific factual allegation against any one specific individual Gibson County officer within her Complaint. (*See* ECF No. 6). Moreover, the basis of her claim against Sheriff Thomas amounts only to conclusory averments that he was "in charge" of the Jail and that unidentified persons purportedly spoke with either Sheriff Thomas *or* other deputies. (ECF No. 6, ¶¶ 9 & 13). Such baseless, nonspecific allegations

cannot support a claim of constitutional deprivation and, thus, Sheriff Thomas and all of the individual Defendants are entitled to qualified immunity. *Tilley*, 15 F.4th at 766.

IV. PLAINTIFF'S "INDIVIDUAL CAPACITY" CLAIMS.

In her Complaint, Plaintiff states expressly "Plaintiffs bring this cause of action in their individual capacities as the surviving children of decedent […] and as the personal representatives of the estate of" Decedent. (ECF No. 6, ¶ 6). While it is difficult for these Defendants to discern the purpose of this averment, Plaintiff's Complaint does not contain any factual assertions pertaining to any "individual" claims of Plaintiff or Decedent's minor children. (*See* ECF No. 6). To the extent Plaintiff intends to raise any individual claim based upon the allegations contained within her Complaint, Plaintiff has failed to allege facts sufficient to support any such claim and, thus, any such attempted claims should be dismissed.

V. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF.

Within her Complaint, Plaintiff seeks injunctive relief against Defendants. (ECF No. 6, Prayer for Relief, ¶ 7). Specifically, Plaintiff seeks the following:

> [A]n Order permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in the foregoing paragraphs, and that this Court require Defendants to take such actions as will ensure lawful conditions of confinement are afforded to inmates at the Gibson County Jail.

(*Id*.). Where a plaintiff seeks injunctive or declaratory relief concerning constitutional claims, the plaintiff's standing to seek said relief is contingent on the "likelihood of future harm." *Hange v. City of Mansfield*, 257 F. App'x 887, 891 (6th Cir. 2007). As such, an "allegation of past injury is not sufficient to confer standing for declaratory or injunctive relief." *Cohn v. Brown*, 161 F. App'x 450, 455 (6th Cir. 2005). Instead, a plaintiff must allege a "sufficient likelihood that *he* will again be wronged in a similar way." *Id.* (emphasis added). Here, Plaintiff seeks to proscribe future

conduct, but it is literally impossible for Decedent to be purportedly "wronged in a similar way" at some future point. Thus, Plaintiff is not entitled to injunctive relief and has not and *cannot* possibly allege facts sufficient to support such a claim. Therefore, Plaintiff's attempted claim for injunctive relief against Defendants is likewise due to be dismissed.

## CONCLUSION

Based upon the foregoing and the entire record in this cause, Plaintiff's claims against Defendants should be dismissed in their entirety.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
Nathan D. Tilly (#031318)
Dylan E. Sutherland (#040648)
*Attorneys for Defendants Gibson County, TN, Thomas, Lewis, Cox, Holbrook, Morgan, Meese, Yarbrough, Dance, McMinn, Bailey, and Hill*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgmfirm.com
dsutherland@pgmfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via US District Court ECF system and/or U.S. Mail postage prepaid upon:

Robert T. Keeton, III
KEETON LAW OFFICES
20240 East Main Street
P.O. Box 647
Huntingdon, TN  38344

DATE:   On this the 20th day of February, 2023.

                PENTECOST, GLENN & TILLY, PLLC

By:   s/Nathan D. Tilly
      Nathan D. Tilly