UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

BREANA SCHENK, as next
best friend to Ev M,
Em M, and El M and the ESTATE OF
KELSEY DELYLAH SCHENK-McKEE,
         Plaintiff,

vs.                            No. 1:22-cv-01268-STA-jay

PAUL A. THOMAS, GIBSON COUNTY
SHERIFF; and DANNY LEWIS, Chief Deputy
Gibson County Sheriff's Department and TAMELA
DENISE COX, Chief Jailor/Correction Officer of the
Gibson County Sheriff's Department and
WILLIAM HOLBROOK, Deputy/Correction Officer and
JAILER CODY PRINCE, JAILER JACOB LITTRELL,
JAILER BRANDY HILL, JAILER WILLIAM MORGAN,
JAILER JORDAN STURDIVANT, JAILER PHILIP
WATSON, JAILER STEVEN GILLES, JAILER ROBIN
MEESE, JAILER PATRICIA MCCARTNEY, JAILER
BELETHA J. YARBROUGH, JAILER JONATHAN
KEEL, JAILER LANEL PALMER, JAILER CORDALE J. DANCE,
JAILER DAVID ABRAHAM, JAILER MICHAEL MCMINN,
JAILER ERIC BAILEY, and GIBSON COUNTY, TENNESSEE.
         Defendants.

---

## **AMENDED COMPLAINT**

---

    This is an action for damages sustained by citizens of the United States against PAUL A.

THOMAS, Gibson County Sheriff; Danny Lewis, Chief Deputy, Gibson County Sheriff Department;

WILLIAM HOLBROOK, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox,

Chief Jailor/Correction Officer of the Gibson County Sheriff's Department and Jailer Cody Prince,

Jailer Jacob Littrell, Jailer Brandi Hill, Jailer William Paul Morgan, Jailer Jordan Sturdivant, Jailer

Philip Watson, Jailer Steven Gilles, Jailer Robin Meese, Jailer Patricia McCartney, Jailer Beletha

J. Yarbrough, Jailer Jonathan Keel, Jailer Lanel Palmer, Jailer Cordale J. Dance, Jailer David

Abraham, Jailer Michael McMinn, Jailer Eric Bailey, Deputy/Correction Officers, Gibson County

Sheriff's Department; individually and in their official capacity; and GIBSON COUNTY,

TENNESSEE, for acts and omissions in violating KELSEY DELYLAH SCHENK-McKEE

(Decedent) constitutional rights under the Eighth and Fourteenth Amendments to the United States

Constitution.  Said original Complaint with summons was originally filed on December 2, 2022.

## JURISDICTION

1.  This action is brought against Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Eighth and Fourteenth Amendments to the United States Constitution.

2.  Jurisdiction is found upon 28 U.S.C. §1331, §1343(a)(3) and (4), and §1367(a).  This Court has jurisdiction over Plaintiff's claims of violation of civil rights under 42 U.S.C. §§ 1983.

3.  This Court may award actual, compensatory, and punitive damages including reasonable attorney's fees against Defendants Paul A. Thomas, Gibson County Sheriff; Danny Lewis Chief Deputy, Gibson County Sheriff's Department; William Holbrook Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department and Jailer Cody Prince, Jailer Jacob Littrell, Jailer Brandi Hill, Jailer William Paul Morgan, Jailer

Jordan Sturdivant, Jailer Philip Watson, Jailer Steven Gilles, Jailer Robin Meese, Jailer Patricia McCartney McCartney, Jailer Beletha J. Yarbrough, Jailer Jonathan Keel, Jailer Lanel Palmer, Jailer Cordale J. Dance, Jailer David Abraham, Jailer Michael McMinn, Jailer Eric Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department, pursuant to 42 U.S.C. §1983 and 1988.

4.    This Court may award compensatory damages and reasonable attorney's fees against Defendant, Gibson County pursuant to 42 U.S. §1983 and 1988.

5.    Plaintiff, Breana Schenk as next best friend to Ev M, Em M and El M are citizens and residents of the United States, domiciled in Carroll County, Tennessee.

6.    Plaintiffs are the sister and minor children of Kelsey Delylah Schenk-McKee. Plaintiffs bring this cause of action in their individual capacities as the surviving children of decedent, Kelsey Delylah Schenk-McKee, and as the personal representatives of the estate of Kelsey Delylah Schenk-McKee.

7.    The Defendant Gibson County, Tennessee is a governmental subdivision of the State of Tennessee.  Its agent for service of process is County Executive, Gibson County, Gibson County Courthouse, Suite 202, Trenton, Tennessee.

8.    The Defendants Paul Thomas, Sheriff,  Danny Lewis, Chief Deputy, Gibson County Sheriff's Department and William Holbrook, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department and Jailer Cody Prince, Jailer Jacob Littrell, Jailer Brandi Hill, Jailer William Paul Morgan, Jailer Jordan Sturdivant, Jailer Philip Watson, Jailer Steven Gilles, Jailer Robin Meese, Jailer Patricia McCartney, Jailer Beletha J.

Yarbrough, Jailer Jonathan Keel, Jailer Lanel Palmer, Jailer Cordale J. Dance, Jailer David Abraham, Jailer Michael McMinn, Jailer Eric Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department were at all times material hereto employed as correctional officers of the Gibson County Correctional Complex.  All Defendant's listed herein are sued in their individual and official capacities as correctional officers, and as employee/agents of  Gibson County working for the Sheriff's Department.  All Defendants may be served at Gibson County Correctional Complex, 401 N. South College St., Trenton, TN.

9.      PAUL A. THOMAS is a citizen of Gibson County, Tennessee, and was at all times herein the Sheriff of Gibson County, Tennessee, and was in charge of the operations of the Gibson County Correctional Complex.  He is being sued in his individual and official capacity.

10.     Defendants Danny Lewis, Deputy, Gibson County Sheriff's Department and Tamela Denise Cox, Chief Jailor, Gibson County Sheriff's Department and William Holbrook, Gibson County Sheriff's Department were at all times material hereto employed as guards in the jail of the Gibson County Correctional Complex.  Said Defendants are sued in their individual and in their official capacity.

11.     Each and every act and/or omission by the named Defendants were performed by virtue of and under their authority as Sheriff/correctional officers/deputies of Gibson County, and under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Tennessee.

### STATEMENT OF THE FACTS

12.   On December 4, 2021, Kelsey Delylah Schenk-McKee ("Decedent") was incarcerated in the Gibson County Correctional Complex for misdemeanor charges of Public Intoxication and Criminal Trespass, which ran concurrent with Carroll County misdemeanor charges.

13.   Various individual family members (Plaintiff, Breanna Schenck and Decedent's mother, Delylah McClendon) and the attorney of record (of the Public Defender Office) for Ms. Schenk-McKee talked with the Sheriff and his Jail Staff and advised them of Ms. Schenk-McKee medical conditions, being Hepatitis C, epilepsy, seizure disorder and severe depression and the need for medical intervention on her behalf. Specifically, that she needed to see her doctor relative to her liver and blood work to appropriately adjust her medications for her Hepatitis C, seizure disorder and severe depression. The family members were assured that proper measures would be taken by the Gibson County Sheriff Department for Ms. Schenk-McKee medical condition, pursuant to the policies of the Gibson County Sheriff Department.

14.   Ms. Schenk-McKee began to suffer from a number of physical symptoms on December 3, 2021, associated with her liver failure, including nausea and pain. Ms. Schenk-McKee presented to the Gibson County Correctional Complex seven (7) requests for medical treatment beginning November 15, 2021 to and throughout the day of December 3, 2021, which Jail staff did not act upon.

15.   On December 4, 2021, Ms. Schenk-McKee condition became severe, and she began to experience increased pain and symptoms associated with her Hepatitis C and toxic

levels of Fentanyl and Methamphetamine.  Ms. Schenk-McKee complained to the jail guards/correction officers, and was ignored.  Gibson County Correctional Officers Robin Meece, David Abraham and Lanel Palmer were the guards that did render no aid in response to Decedent's repeated requests for medical treatment.

16.     From the day of  December 3, 2021 through December 4, 2021, Ms. Schenk-McKee continued to suffer.  Due to the severity of her symptoms, Ms. Schenk-McKee made numerous requests to correctional officers/deputies and the jail personnel for treatment by a physician, all of which were denied.

17.     At approximately 5:02 a.m. on December 4, 2021 Jailer David Abraham served breakfast to four inmates in cell K2.  At approximately 6:30 a.m. medications were passed out to four inmates in cell K2 and all inmates were alert according to Jailer Robin Meece.  However at approximately 7:45 a.m., Jailer Steven Gilles and Jailer Eric Bailey reported that an inmate was found unresponsive in cell K2 and Jailer Robin Meece was advised by an inmate in cell K2, that Decedent had obtained drugs from the inmate in cell K3.  Upon receiving this information at 7:55 a.m., Jailer Robin Meece failed to inform the other jailers of the potential drug overdose so that the Nasal Narcan Procedures could be instituted and instead left cell K2 and went to cell K3 to perform a strip search of the inmate and conduct a search of cell K3, while Jailer Lanel Palmer was taking photographs at 8:00 a.m.  At approximately 8:11 a.m. almost twenty-one minutes later EMS was dispatched to the Jail and arrived at the Jail at approximately 8:40 a.m.  The Gibson County Sheriff's Department has a Nasal Narcan Procedure (Gibson County Sheriff's Department Correction Manual and

Procedure, Chapter 25) and Jailer Robin Meece, Jailer Lanel Palmer and Jailer David Abraham failed to administer same as emergency care in violation of decedent's Eighth and Fourteenth Amendment rights.

18.    Pursuant to the Gibson County Sheriff's Office, Correction, Policy and Procedure Manual, Chapter 10, Supervision, Management of Inmates and Contraband, 10.00 Procedure, "The Correctional Officer will conduct cell checks of inmates in **all** sections of the jail at least hourly, on an irregular schedule, **with the results logged.** Two (2) officers must make rounds in the cellblocks. A male officer must not enter the female pod alone except in time of extreme emergency. The time of the tour will be logged on the Daily Log. An incident of this nature must be documented and reported to the Administrative Supervisor and Chief Jail Administrator.

The Correctional Officer will check and log such check on inmates classified as special management (extremely intoxicated, mental problems, close medical watch, etc.) at least every ten (10) to fifteen (15) minutes, or more often as is necessary but always on a varying schedule."

19.    That Ms. Schenk-McKee was placed in cell K-2 supposedly so that she could be better observed by the Jail staff due to her health issues and medical needs as shown of record of Staff Issues - #10,250,012 and 10,377,162.

20.    Ms. Schenk-McKee was found unresponsive in her cell on December 4, 2021 at approximately 7:45 a.m. approximately 26 minutes from last cell check.

21.    The repeated notices of Plaintiff's existing condition on admission to the Correctional Complex, presented an urgent need for medical care. Plaintiff's medical

condition after admission to the Gibson County Correctional Complex, presented an urgent need for medical care. Plaintiff's inability to consume food and drink presented an urgent need for medical treatment. Plaintiff's physical condition, bruised and abrasions brought about from the violent seizures, presented an urgent need for medical treatment. From all of which, Plaintiff suffered extreme mental cruelty, severe pain and anguish and eventually a slow and painful death. The medical examinations and autopsy confirmed these facts.

22.    Sheriff Paul Thomas with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, all leading to her untimely death. Defendant Thomas failed to prevent the introduction of dangerous drugs (fentanyl and methamphetamine) into the jail by lack of appropriate searches of incoming prisoners or failing to properly train or supervise his employees in conducting appropriate searches. He was deliberately indifferent to her medical condition and exposure to drugs.

23.    Danny Lewis, Chief Deputy, Gibson County Sheriff's Department with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, all leading to her untimely death. Defendant Lewis failed to prevent the introduction of dangerous drugs (fentanyl and methamphetamine) into the jail by lack of appropriate searches of incoming prisoners or failing to properly train or supervise his employees in conducting appropriate searches. He was

deliberately indifferent to her medical condition and exposure to drugs.

24.    William Holbrook, Deputy, Gibson County Sheriff's Department with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, all leading to her untimely death.  Defendant Holbrook failed to prevent the introduction of dangerous drugs (fentanyl and methamphetamine) into the jail by lack of appropriate searches of incoming prisoners or failing to properly train or supervise his employees in conducting appropriate searches.   He was deliberately indifferent to her medical condition and exposure to drugs.

25.    Tamela Denise Cox, Chief Jailor/Correction Officer with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, all leading to her untimely death. Defendant Cox failed to prevent the introduction of dangerous drugs (fentanyl and methamphetamine) into the jail by lack of appropriate searches of incoming prisoners or failing to properly train or supervise his employees in conducting appropriate searches.  She was deliberately indifferent to her medical condition and exposure to drugs.

26.    Jailer Cody Prince with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

27.  Jailer Jacob Littrell with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

28.  Jailer Brandi Hill with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

29.  Jailer William Paul Morgan with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

30.  Jailer Jordan Sturdivant with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

31.  Jailer Philip Watson with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for

treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

32.    Jailer Steven Gilles with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

33.    Jailer Robin Meese with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

34.    Jailer Patricia McCarney with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

35.    Jailer Beletha J. Yarbrough with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all

leading to her untimely death.

36.   Jailer Jonathan Keel with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

37.   Jailer Lanel Palmer with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

38.   Jailer Cordale J. Dance with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

39.   Jailer David Abraham with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

40.   Jailer McMinn with knowledge of Decedent's urgent need for medical attention and

treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

41.   Jailer Bailey, Deputy/Correction Officer with knowledge of Decedent's urgent need for medical attention and treatment, placed and kept Decedent in her cell despite her repeated requests for treatment for her serious medical conditions, and failure to recognize opioid effects when found violated her Eighth and Fourteenth Amendment rights, all leading to her untimely death.

42.   The wrongful acts and/or omissions of Paul Thomas, Sheriff, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

43.   The wrongful acts and/or omissions of Danny Lewis, Chief Deputy, Gibson County Sheriff's Department as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

44.   The wrongful acts and/or omissions of William Holbrook, Deputy, Gibson County

Sheriff's Department as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

45. The wrongful acts and/or omissions of Tamela Denise Cox, Chief Jailor/Correction Officer, Gibson County Sheriff's Department as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

46. The wrongful acts and/or omissions of Jailer Cody Prince, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

47. The wrongful acts and/or omissions of  Jailer Jacob Littrell, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the

United States Constitution.

48.     The wrongful acts and/or omissions of Jailer Brandi Hill, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

49.     The wrongful acts and/or omissions of Jailer William Paul Morgan, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

50.     The wrongful acts and/or omissions of Jailer Jordan Sturdivant, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

51.     The wrongful acts and/or omissions of Jailer Philip Watson, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and

safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

52.     The wrongful acts and/or omissions of Jailer Steven Gilles, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

53.     The wrongful acts and/or omissions of Jailer Robin Meese, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

54.     The wrongful acts and/or omissions of Jailer Patricia McCartney, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

55.     The wrongful acts and/or omissions of Jailer Beletha J. Yarbrough,

Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

56.    The wrongful acts and/or omissions of Jailer Jonathan Keel, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

57.    The wrongful acts and/or omissions of Jailer Lanel Palmer, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

58.    The wrongful acts and/or omissions of Jailer Cordale J. Dance, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the

United States Constitution.

59.    The wrongful acts and/or omissions of Jailer David Abraham, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

60.    The wrongful acts and/or omissions of Jailer Michael McMinn, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

61.    The wrongful acts and/or omissions of Jailer Eric Bailey, Deputy/Correction Officer, Gibson County Sheriff's Department, as stated herein, constitute reckless disregard and deliberate indifference to Decedent's serious medical condition and safety in violation of Decedent's right to due process of law, and to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments of the United States Constitution.

62.    Defendant Gibson County's existing policy and procedures, and/or failure to train and/or supervise its correctional officers and prison staff constitutes deliberate indifference to Decedent's serious medical conditions and safety, and was the cause

of violations of Decedent's right to due process of law, and to be free from cruel and unusual treatment pursuant to the Eight and Fourteenth Amendments of the United States Constitution.

63.    The above-described deprivations of Decedent's constitutional rights are a direct and proximate result of the acts, omissions, policies, and customs of Defendant Gibson County.   Defendant knew or should have known that its policies, custom, and conduct violated clearly established constitutional rights that would have been apparent to reasonable persons by failing to recognize medical needs and act accordingly.

64.    Defendants have engaged and continue to engage in a pattern or practice of failing to protect inmates in the Gibson County Jail/Correction Complex from undue risk of harm by (inter alia), failing to provide adequate medical and mental health care, failing to provide adequate food and shelter; failing to provide adequate classification and supervision of inmates, and exhibiting deliberate indifference to their plights. (See Jeffery B. Pulley et al v. Shepherd et al, United States District Court for the Western District of Tennessee, Jackson Division, Docket No.: 1:05-cv-01135-JDT-STA., who died as a result of a known condition and the failure to check on or render aid while in the care and custody of the Gibson County Jail on January 19, 2005.) Additionally, PACER indicates that since 2006, Gibson County has been sued fifteen (15) times for various violations of prisoner civil rights.

65.    Each of the named Defendants have been aware of the unlawful conditions alleged in the foregoing paragraphs for a substantial period of time and failed to adequately

address these conditions, despite their knowledge of the deficiencies.

66.     The above-described wrongful acts and omissions of individual Defendants that results in deprivations of Decedent's constitutional rights are the direct result of Defendant's acts and omissions.

67.     As a direct and proximate result of the above-described wrongful acts and/or omissions by each Defendant named herein, Decedent suffered great physical and mental pain, shock, agony, and death, for all of which the Defendant is liable.

68.     The acts and omissions alleged in the foregoing paragraphs violate the rights, privileges or immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States of person confined in the Gibson County Jail/Correction Complex.

69.     Unless restrained and enjoined by this Court, Defendants will continue to engage in the conduct and practices set forth in paragraph 64 and 65 that deprives person confined in the Gibson County Jail/Correction Complex of their rights, privileges, or immunities secured or protected by the Eighth and Fourteenth Amendments to the Constitution of the United States, and cause them irreparable harm.

**WHEREFORE**, Plaintiff prays for the following relief:

1.     Service of process be issued as to the Defendants;

2.     Compensatory damages against Defendant Gibson County and other named defendants in the amount to be determined by the jury;

3.     Plaintiff prays for judgment against Defendants jointly and severally, for compensatory damages in the amount of One Million Dollars ($1,000,000.00) and

for punitive damages in the amount of Five Million Dollars ($5,000,000.00), plus cost of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

4.    Punitive and compensatory damages against Defendants, Correctional Officers in an amount to be determined by the jury.

5.    Reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C.§ 1988.

6.    A jury trial pursuant to Rule 38 of the Fed. R. Civ. P.,: and

7.    For an Order permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in the foregoing paragraphs, and that this Court require Defendants to take such actions as will ensure lawful conditions of confinement are afforded to inmates at the Gibson County Jail.

8.    Such other damages and general relief to which Plaintiff may be entitled.

Respectfully submitted,

s/Robert T. Keeton, III
ROBERT T. KEETON III, BPR#013296
20240 East Main Street
Post Office Box 647
Huntingdon, Tennessee 38344
731-986-4444
KeetonLawOffices@KeetonLaw.net
*Counsel for Breana Schenk, by next best friend Ev M, Em M and El M*