IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BREANA SCHENK, as next best friend ) <br> to Ev M, Em M and El M and the ) <br> ESTATE OF KELSEY DELYAH ) <br> SCHENK-MCKEE, ) <br> ) <br>     *Plaintiff*, ) <br> v. ) <br> ) <br> PAUL A. THOMAS, GIBSON COUNTY ) <br> SHERIFF; and DANNY LEWIS, Chief ) <br> Deputy Gibson County Sheriff's ) <br> Department, and TAMELA DENISE COX, ) <br> Chief Jailor/Correction officer of the ) <br> Gibson County Sheriff's Department, and ) <br> WILLIAM HOLBROOK, Deputy/ ) <br> Correction Officer, and JAILER PRINCE, ) <br> JAILER LITTRELL, JAILER HILL, ) <br> JAILER MORGAN, JAILER ) <br> STURDIVANT, JAILER WATSON, ) <br> JAILER GILLES, JAILER MEESE, ) <br> JAILER MCCARTY, JAILER ) <br> YARBROUGH, JAILER KEEL ) <br> JAILER PALMER, JAILER DANCE ) <br> JAILER ABRAHAM, JAILER MCMINN ) <br> JAILER BAILEY and GIBSON COUNTY, ) <br> TENNESSEE, ) <br> ) <br>     *Defendants*. ) | No. 1:22-cv-01268-STA-jay |

**ANSWER OF DEFENDANT ROBIN MEESE TO PLAINTIFF'S
AMENDED COMPLAINT (ECF NO. 18)**

Defendant Robin Meese (hereinafter, "Defendant"), by and through undersigned counsel, responds to Plaintiff's Amended Complaint (ECF No. 18) (hereinafter, "Complaint") and relies on the affirmative defenses as set forth below.

**GENERAL OBJECTION**

Defendant relies upon the affirmative defenses as set forth below and states a general objection regarding the fact that the Complaint failed to comply with Rules 10 and 12 of the FEDERAL RULES OF CIVIL PROCEDURE. Defendant further objects to the allegations appearing in the Complaint to the extent that they state legal conclusions and to the form of the pleadings in that they make certain implications beyond the factual assertions alleged. Such apparent or unapparent implications are expressly and unequivocally denied, and Defendant demands strict proof thereof.

**ADMISSIONS AND DENIALS**

Defendant asserts that the Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE against Defendant and that this cause of action should be dismissed. Further, Defendant relies upon the objections made herein, affirmative defenses, and denials as set forth below. Without waiving said objections and affirmative defenses, Defendant responds to Plaintiff's Amended Complaint as follows:

1. Defendant admits that Plaintiff attempts to assert claims pursuant to 42 U.S.C. § 1983. Defendant denies that she violated Decedent's constitutional rights and denies that Plaintiff is entitled to any relief under any theory of law.

2. Defendant admits that this court possesses jurisdiction over this matter. Defendant denies that she violated Decedent's constitutional rights and denies that Plaintiff is entitled to any relief under any theory of law.

3. Defendant denies that Plaintiff is entitled to any damages under any theory of law.

4. Defendant denies that Plaintiff is entitled to any damages under any theory of law.

5. Defendant is without sufficient information or knowledge concerning the facts alleged in this paragraph and demands strict proof thereof.

6. Defendant is without sufficient information or knowledge concerning the facts alleged in this paragraph and demands strict proof thereof.

7. The allegations appearing in Paragraph 7 do not appear to be directed against Defendant. Therefore, no response is required from Defendant.

8. To the extent the allegations appearing in Paragraph 8 are not directed against Defendant, no response is required from Defendant. Notwithstanding the foregoing, Defendant admits her employment as a correctional officer at Gibson County Correctional Complex (hereinafter, the "Jail"). Defendant denies she is liable in any capacity whatsoever to Plaintiff for any reason. Moreover, Defendant denies that she can be held liable in her official capacity and expressly asserts that any such claim should be dismissed. Defendant denies all remaining allegations contained within this paragraph.

9. The allegations appearing in Paragraph 9 do not appear to be directed against Defendant. Therefore, no response is required from Defendant.

10. The allegations appearing in Paragraph 10 do not appear to be directed against Defendant. Therefore, no response is required from Defendant.

11. Denied.

12. Admitted that Kelsey Delylah Schenk-McKee (hereinafter, "Decedent") was incarcerated in the Gibson County Correctional Complex on December 4, 2021, and that her related charges included Public Intoxication and Criminal Trespass. Defendant is without sufficient information or knowledge regarding the remaining facts referenced by Plaintiff and demands strict proof thereof.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendant admits that she appropriately provided prescribed medications to inmates at the Jail on December 4, 2021. Defendant admits Decedent was discovered unresponsive in her cell on the morning of December 4, 2021. Defendant admits that EMS came to the Jail on the morning of December 4, 2021. Defendant denies and affirmatively states that at no time did she violate Plaintiff's Constitutional rights, and denies that there was any deprivation of Decedent's Constitutional rights. Furthermore, Defendant denies all remaining allegations appearing in this paragraph.

18. Defendant denies that the assertion accurately and/or completely reflects Gibson County Sheriff's Office's Policy. Defendant further denies any implication that Defendant violated any Gibson County policy. Defendant denies all other allegations contained within this paragraph.

19. Denied.

20. Defendant admits that Decedent was found unresponsive in her cell on December 4, 2021. Defendant denies the remaining allegations.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

PRAYER FOR RELIEF: Defendant denies that Plaintiff is entitled to any compensatory, special, or punitive damages, reasonable attorney's fees, costs, expenses and/or any other relief

whatsoever. Defendant also denies that Plaintiff is entitled to a declaratory or injunctive order against Defendant for any reason whatsoever.

## **GENERAL DENIAL**

All allegations of the Complaint not admitted, denied, or explained are now expressly denied, and Defendant demands strict proof thereof. Defendant denies that Plaintiff is entitled to any relief under any theory of law and demands that Plaintiff's Amended Complaint be dismissed. Defendant specifically relies upon the affirmative defenses as set forth herein and any and all immunities.

## **AFFIRMATIVE DEFENSES**

**Affirmative Defense 1.** The Complaint fails to state a claim against Defendant upon which relief can be granted, pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

**Affirmative Defense 2.** Defendant specifically denies, and affirmatively states that at no time did she violate Decedent's Constitutional rights, and denies that there was any deprivation of the Decedent's Constitutional rights. Therefore, Plaintiff cannot recover from this Defendant.

**Affirmative Defense 3.** Defendant denies that she is guilty of any action or conduct which might constitute a federal constitutional, statutory, or common law claim.

**Affirmative Defense 4.** Defendant affirmatively pleads any and all immunities, whether absolute and/or qualified, including the Public Duty Doctrine. Defendant relies upon any and all defenses and immunities available to her. Immunity has not been waived; therefore, Plaintiff may not recover from Defendant.

**Affirmative Defense 5.** Defendant is entitled to qualified immunity because (1) she did not violate Decedent's constitutional rights and (2) the constitutional right at issue was not

clearly established in the specific context so that a reasonable official in Defendant's shoes would have understood that he/she violated Decedent's constitutional rights.

**Affirmative Defense 6.** At no time did Defendant act with deliberate indifference, nor did she act objectively unreasonably, towards Decedent's Constitutional rights, including but not limited to her safety or medical needs.

**Affirmative Defense 7.** Defendant affirmatively states that Decedent's injuries/death were the direct result of Decedent's own intentional, reckless, and/or negligent actions. Therefore, Plaintiff cannot recover from Defendant.

**Affirmative Defense 8.** Defendant affirmatively states that Decedent's injuries/death were the direct result of a non-party's criminal, intentional, reckless, and/or negligent actions. Therefore, Plaintiff cannot recover from Defendant.

**Affirmative Defense 9.** At all times relevant, Defendant acted in good faith, and as a reasonable and prudent correctional officer without any subjective denial of the Decedent's Constitutional rights and in accordance with the enacted appropriate policies and procedures designed to protect Decedent. Moreover, at all times relevant, Defendant acted in an objectively reasonable manner given the information and circumstances then and there known to the Defendant.

**Affirmative Defense 10.** Plaintiff is not entitled to punitive damages from the Defendant.

**Affirmative Defense 11.** Defendant avers the Plaintiff's claims are barred by the applicable statutes of limitation and/or repose.

**Affirmative Defense 12.**   To the extent that Plaintiff's 42 U.S.C. § 1983 claims against Defendant are based on a *respondeat superior* theory of liability, such claims are without merit and are not allowable under 42 U.S.C. § 1983.

**Affirmative Defense 13.**   In light of Plaintiff's claim for punitive damages, Defendant moves, pursuant to Rule 42(b) of the FEDERAL RULES OF CIVIL PROCEDURE, for a bifurcated trial on the issues of liability and the amount of punitive damages, if any, to which the Plaintiff may be entitled.

**Affirmative Defense 14.**   Plaintiff's claims are barred, in whole or in part, because Decedent failed to mitigate, minimize, avoid, or otherwise act to lessen or reduce the Plaintiff's alleged injuries or damages.

**Affirmative Defense 15.**   Plaintiff seeks injunctive relief for which Defendant has no legal authority or responsibility to enact. Notwithstanding the foregoing, Defendant asserts Plaintiff is not entitled to any injunctive relief whatsoever under any provision of law or fact.

**Affirmative Defense 16.**   Defendant reserves all defenses, including Rule 12(b) defenses, which may be available to Defendant. As such, Defendant reserves the right to amend the Defendant's Answer to assert additional affirmative or supplemental defenses.

WHEREFORE PREMISES CONSIDERED, Defendant hereby moves that the Plaintiff's Amended Complaint be dismissed and the costs of this cause be assessed against Plaintiff and that the Defendant be awarded her cost and attorney fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
Nathan D. Tilly (#031318)
Dylan E. Sutherland (#040648)
*Attorneys for Defendants Gibson County, TN, Thomas, Lewis, Cox, Holbrook, Morgan, Meese, Yarbrough, Dance, McMinn, Bailey, and Hill*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgtfirm.com
dsutherland@pgtfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via US District Court ECF system and/or U.S. Mail postage prepaid upon:

Robert T. Keeton, III
KEETON LAW OFFICES
20240 East Main Street
P.O. Box 647
Huntingdon, TN 38344

DATE: On this the 1st day of May, 2023.

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
Nathan D. Tilly