IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BREANA SCHENK, as next best friend to Ev M, Em M and El M and the ESTATE OF KELSEY DELYAH SCHENK-MCKEE, | ) ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 1:22-cv-01268-STA-jay |
| PAUL A. THOMAS, GIBSON COUNTY SHERIFF; and DANNY LEWIS, Chief Deputy Gibson County Sheriff's Department, and TAMELA DENISE COX, Chief Jailor/Correction officer of the Gibson County Sheriff's Department, and WILLIAM HOLBROOK, Deputy/ Correction Officer, and JAILER PRINCE, JAILER LITTRELL, JAILER HILL, JAILER MORGAN, JAILER STURDIVANT, JAILER WATSON, JAILER GILLES, JAILER MEESE, JAILER MCCARTY, JAILER YARBROUGH, JAILER KEEL JAILER PALMER, JAILER DANCE JAILER ABRAHAM, JAILER MCMINN JAILER BAILEY and GIBSON COUNTY, TENNESSEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference was held on September 28, 2023. Present were Robert T. Keeton, III, counsel for plaintiff, and Nathan D. Tilly and Dylan E. Sutherland, counsel for defendants. Prior to the scheduling conference, on September 21, 2023 and September 26, 2023, the parties met and conferred in compliance with FEDERAL RULE OF CIVIL PROCEDURE 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:  October 12, 2023

**MOTIONS TO JOIN PARTIES**:  November 27, 2023

**MOTIONS TO AMEND PLEADINGS**:  November 27, 2023

**MOTIONS TO DISMISS**:  December 27, 2023

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** December 21, 2023

    **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**[1]:

        **Mediator's Name: Fred Collins**

        **Stipulation Filing Date:** November 21, 2023

**COMPLETING ALL DISCOVERY**:  July 24, 2024

    (a) **WRITTEN DISCOVERY**:  June 24, 2024

    (b) **DEPOSITIONS**:  July 24, 2024

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

    (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  May 24, 2024

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: June 24, 2024

    (c) **EXPERT WITNESS DEPOSITIONS**:  July 24, 2024

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**:
July 9, 2024

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  July 24, 2024

**FILING DISPOSITIVE MOTIONS**:  August 24, 2024

**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that e-discovery is not appropriate in this case and therefore they will not seek e-discovery.

---

[1] In the event that Plaintiff is *pro se* and proceeding IFP, the mediator must be selected from the Court's Mediation Panel.  *Pro Se* IFP Mediation Plan 6.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 3 days.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56.  As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties consent to trial before the Magistrate Judge.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

s/S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: 9/28/2023
